UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVAN MCKENZIE,<br><br>Defendant. | 5:21-CR-50178-03-CCT<br><br><br>**ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE** |

Defendant, Devan McKenzie, filed a letter with the Court which this Court construes as a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 221. The Federal Public Defender filed a notice of intent not to file supplemental briefing on McKenzie's behalf. Plaintiff, the United States of America, opposes the motion. Docket 223. For the following reasons, McKenzie's motion for compassionate release is denied.

### DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the

warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (first alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release" but, rather, is "a claim processing rule that may be waived or forfeited by the government").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The United States contends that "McKenzie did not submit a request for compassionate release to the warden of her facility." Docket 223 at 3. The United States argues that McKenzie "offers no explanation" for her failure to exhaust this remedy, and it is "unaware of any condition excusing this failure." *Id.* at 3-4. The United States requests that the Court dismiss McKenzie's motion because she has failed to exhaust her administrative remedies. *Id.* at 4.

McKenzie presents no evidence that she has exhausted her administrative remedies in the reasons for release stated in her current motion. *See* Docket 221. She also does not provide the Court any explanation for this failure. *Id.*

Because McKenzie failed to exhaust all administrative remedies for the current motion, and the United States raised this issue, the Court must

2

dismiss McKenzie's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

## CONCLUSION

McKenzie failed to exhaust her administrative remedies. Thus, it is ORDERED that the defendant's motion for relief under the First Step Act (Docket 221) is denied without prejudice.

Dated February 11, 2026.

BY THE COURT:

*/s/ Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE